# EXHIBIT 11

Grand Jury Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:     777 Partners

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 40 Foley Square, Room 220, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:     July 3, 2024               Appearance Time:   10:00 a.m.

to testify and give evidence in regard to an alleged violation of :
18 U.S.C. §§ 371, 1033, 1343, 1344, 1349, 1956; 15 U.S.C. §§ 80b-6; 78j(b) & 778ff; 17 C.F.R. § 240.10b-5

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

**Please see the attached rider**.  Personal appearance is not required if the requested records are produced on or before the appearance date to Assistant U.S. Attorney Nicolas Roos at 26 Federal Plaza, 38th Floor, New York, NY 10278, or electronically to nicolas.roos@usdoj.gov.  Ref. No. 2023R01216.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:   New York, New York
         June 5, 2024

DAMIAN WILLIAMS
*United States Attorney for the*
*Southern District of New York*

Nicolas Roos
Assistant United States Attorney
26 Federal Plaza
New York, New York 10278
Telephone:    212-637-2421
Email: nicolas.roos@usdoj.gov

rev. 02.01.12

## RIDER
(Grand Jury Subpoena to 777 Partners, dated June 5, 2024)
Ref. No. 2023R01216

**Instructions**

1. This subpoena calls for the production of categories of documents, records, correspondence, and other written and electronic material in the possession, custody, and control of 777 Partners. "777" means all of its U.S. and non-U.S. parents, subsidiaries, divisions, affiliates, predecessors, and successors—including 777 Re Ltd. and 777 Asset Management—as well as officers, directors, partners, limited partners, employees, agents, and independent contractors. This subpoena covers all responsive documents wherever they may be found, including on computers, email accounts, iCloud accounts, WhatsApp accounts, Signal accounts, Telegram accounts, Slack channels, servers, cellphones, and other personal electronic devices, whether in the United States or any foreign jurisdiction.

2. "Documents" refers to any and all documents and records, in whatever form kept, including, but not limited to, writings, emails, text messages, messages sent through "apps" or social media accounts, drawings, graphs, charts, calendar entries, photographs, audio or visual recordings, images, and other data or data compilations, and includes materials on both paper and electronic form.

3. "Communications' means emails, text messages, messages sent through apps, telephone calls, virtual meetings, and in person meetings.

4. "A-CAP" refers to Advantage Capital Management and all of its U.S. and non-U.S. parents, subsidiaries, divisions, affiliates, predecessors, successors, segments, business divisions, officers, directors, partners, limited partners, employees, and agents, including but not limited to Kenneth King, Daniel Cathcart, and Michael Saliba.

5. This subpoena does not call for the production of any documents protected by a valid claim of privilege, although any responsive document over which privilege is being asserted must be preserved.  Any documents withheld on grounds of privilege must be specifically identified on a privilege log with descriptions sufficient to identify their dates, authors, recipients, and general subject matter.

**Records Request**

Please produce the following records by or before the appearance date listed on the subpoena:

6. All text messages (including iMessages or other app messages) between or among any of the following people: (a) Josh Wander; (b) Steven Pasko; (c) Damien Alfalla; (d) Nick Bennett; (e) Fred Love; (f) Kenneth King; (g) Alex Adnani; (g) John Pascale; and/or (h) David Hough.

7. All spreadsheets or ledgers of daily cash flow for the period January 1, 2020 through December 31, 2023.

8. All documents, including any communications, concerning collateral for any loans where (a) the collateral was double pledged; (b) 777 did not have title to or did not own the collateral; (c) the

collateral was already subject to a lien or encumbrance; and/or (d) the existence and status of the collateral was otherwise misrepresented or falsified. This request includes, but is not limited to, any spreadsheets tracking double-pledged assets, or pledged collateral that 777 did not own.

9. All documents, including any communications, with any of 777's lenders, including but not limited to Leadenhall, Credigy, Obra Capital, ING Capital, and National Founders about collateral and/or the borrowing base for any loan. This request includes, but is not limited to, all collateral reports, borrowing base reports, spreadsheets attached to the borrowing base reports, financial statements, and bank statements sent to lenders.

10. All documents, including any communications, concerning the use of funds received by 777 Re from A-CAP.

11. All documents, including any communications, concerning the use of funds in the Wells Fargo accounts for Sutton Park Capital, Dorchester Receivables, and/or SPLCSS, including for expenses relating to aircrafts, Flair Airlines, sports teams, or the acquisition or operation of Ensurem. This request includes, but is not limited to (a) any transaction or transfer approval emails; (b) intercompany loan agreements or expense allocation agreements between 777 and Sutton Park; and (c) communications with the lender about releasing cash from the credit facility.

12. All documents, including any communications, concerning the use of funds in Signal Funding to purchase aircrafts.

13. All documents, including any communications, concerning any payments to (a) Josh Wander; (b) JARM; (c) Kenneth King; (d) A Miami LLC; (e) Steven Pasko; and (f) Damien Alfalla.

14. For the period January 1, 2020 through the date of this subpoena, account records for the following 777 internal account numbers: RCASH0001, RCASH0002, RCASH0003, RCASH0004, and RCASH0005.

15. For the period January 1, 2020 through the date of this subpoena, account records for the account in the name of 777 Re. Ltd., account number 1000249827, at Bermuda Commercial Bank.

16. For the period January 1, 2020 through the date of this subpoena, (a) a list of all employees with their titles who have worked for 777; and (b) organization charts.

17. A copy of the presentation, and any supporting records, shown or provided by Holland & Hart LLP to Grant Thornton.

18. Records from MPFIN for all collateral pledged to Leadenhall and/or Credigy.

19. Video recordings from the offices of Josh Wander and/or Steven Pasko showing meetings with (a) each other; (b) Damien Alfalla; and/or (c) Nick Bennett.

20. All documents concerning the reporting of financial impropriety by any current or former employee of 777 and any settlement or non-disclosure agreements entered into with such employee.

21. All documents relating to the deletion or attempted deletion of records, or to evade regulatory or law enforcement detection, or to otherwise frustrate a future criminal or civil case.