# EXHIBIT 31

SAUL EWING LLP

Joseph D. Lipchitz
Phone: (617) 912-0916
Fax: (617) 723-4151
Joseph.Lipchitz@saul.com
www.saul.com

November 30, 2023

**<u>By E-Mail [lhoffman@semafor.com]</u>**

Liz Hoffman
Semafor, Inc.
228 Park Avenue South
New York, New York, 10003

Re: <u>777 Partners</u>

Dear Ms. Hoffman:

Please be advised that this firm represents 777 Partners as it relates to your email sent at 10:12 pm last night that Semafor is "planning to run tomorrow saying that DOJ, Southern District of NY and Miami offices, have opened an investigation into 777, including whether it has violated anti money laundering laws." For present purposes, several things are worth noting.

First and foremost, as you clearly know, such an assertion is false and defamatory. 777 Partners will hold you and Semafor liable for any such publication.

Second, as you are also aware, as a matter of well-established DOJ policy, the offices for the U.S. Attorney for the Southern District of New York and U.S. Attorney for the Southern District of Florida do not disclose to the media or other members of the public whether they have opened investigations into any entity on any subject. This alone makes your assertion that any investigation has been opened outlandish and not supported by any credible information.

Third, your attempt to seek to publish such false and damaging assertion while only providing 777 Partners a truncated period after business hours to respond further underscores the unprofessional nature of your reporting. Indeed, 777 Partners considers these scurrilous and damaging accusations to be deliberately timed to undermine its ongoing commercial activities, including the ongoing period of regulatory approvals for the proposed acquisition of Everton FC by 777 Football Group.

**<u>Your and Semafor's Obligations to Preserve Documents and ESI</u>**

Given the current posture of this matter and the controlling law, you and Semafor, and your respective editors, managers, employees, and agents are obligated to preserve all

documents and electronically stored information ("ESI") relating to the foregoing that is located on their computer systems and removable electronic media, including but not limited to all text files (including PDFs, word processing documents, spreadsheets, and presentations), all other files (including audio, video, image, text messages, chat messages, and voice mails), email, files on shared servers, files on email servers, databases, calendar entries, computer system activity and audit logs, internet usage and activity files, backup tapes and discs. This certainly includes, but is not limited to, preserving:

- all notes and source material relating to any article about 777 Partners;
- all emails, texts, phone records, and other communications with any alleged sources as they relate to 777 Partners;
- all draft, edits, comments, and revisions to any article about 777 Partners.

You are, of course, aware that in addition to the penalties and remedies available when there has been the destruction of evidence when a party knows or reasonably should know that litigation is likely, the law also recognizes that the destruction of evidence, including a reporter's notes, is itself powerful evidence of constitutional malice. See, e.g., Murphy v. Boston Herald, 449 Mass. 42 (Mass. 2007) (affirming over $2 million defamation judgment where reporter had destroyed his notes shortly after being told that the story was false); Moore v. Vislosky, 240 F. App'x. 457, 469 (3rd Cir. 2007) (defamer's claim that she "lost" documentary evidence that supported her defamatory statements was implausible and supported finding of actual malice); Torgerson v. Journal/Sentinel, Inc., 563 N.W.2d 472, 483 (Wisc. 1997) (destruction of reporter's notes is sufficient evidence of actual malice).

The foregoing is without prejudice to the rights and remedies of 777 Partners.

Very truly yours,

***/s/ Joseph D. Lipchitz***

Joseph D. Lipchitz

cc: Ben Smith, Editor-in-Chief