# EXHIBIT 39

# GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

February 27, 2026

Marguerite B. Colson
Sarah Mortazavi
Alexandra Rothman
Assistant United States Attorneys
26 Federal Plaza, 38th Floor
New York, New York 10278

Re:     *United States v. Wander*, 25 Cr. 473 (JPO)

Dear Counsel,

As you are aware, there was detailed press reporting about your investigation of Joshua Wander and of 777 Partners before Mr. Wander's indictment in October 2025.  Beginning in November 2023, and continuing until at least November 2024, reporters from media sources around the world published the fact of your investigation, described specific investigative steps you took, and disclosed grand jury material, including the fact that subpoenas had been issued and the targets of those subpoenas.  As your own indictment makes clear, this broadcasting of the investigation harmed Mr. Wander, worsened the financial condition of his businesses, and made it more challenging for lenders to recover funds, among other things.  We therefore request that you provide assurances that your office, and the prosecution team more generally, was not the source of these disclosures, and that the prosecution team has complied with the grand jury secrecy provisions of Federal Rule of Criminal Procedure 6(e).  We also notify you that, depending upon your response, we may seek appropriate court relief.

Per your own indictment, in April 2023 and thereafter, Mr. Wander was discussing resolution of outstanding financial issues with 777 Partners' lenders.  Indictment ¶ 22.  But then in November 2023, *Semafor* magazine published a story that your office was investigating whether 777 Partners had violated the law.[1]  The article attributed this information to "people familiar with the matter," and specifically named one of the prosecutors involved in the investigation.  Unsurprisingly, the disclosure of a criminal investigation harmed Mr. Wander and his companies: no resolution was ever completed, even though such a settlement would have been mutually beneficial for the lenders and 777.  Indictment ¶ 23 ("777 Partners' financial issues worsened in late 2023 and early 2024.").

The disclosures continued.  A *Semafor* article in March 2024 publicized that your office had "interviewed current and former 777 employees"—again attributing the information to "people familiar with the matter."[2]  Just two months after this disclosure, one of 777 Partners' lenders sued Mr. Wander and his companies, leading to Mr. Wander's resignation.  The negative

---

[1]  https://www.semafor.com/article/11/30/2023/feds-probe-sports-investor-777-over-money-flows.

[2]  https://www.semafor.com/article/03/12/2024/apollo-veteran-josh-harris-firm-cuts-ties-with-777-insurance-alum.

# GIBSON DUNN

Page 2

stories also contributed to the cancelation of the insurance registration of 777 Partners' Bermudian affiliate by authorities in Bermuda in September 2024.[3]  Later that month, the Australian Broadcasting Corporation ran a story about the investigation, again naming one of the prosecutors involved, and the potential charges.[4]  Weeks later, 777 Partners' U.K.-based subsidiary, 777 Partners UK Ltd. entered bankruptcy in London.  On November 18, 2024, *Josimar* magazine ran an article specifically detailing that "[c]riminal subpoenas have been sent to employees of both 777 Partners and A-CAP as part of a money laundering investigation by the US Department of Justice."[5]

These public disclosures harmed Mr. Wander and his companies.  They also included revelation of grand jury information, covered by Rule 6(e).  *See Comm. on Judiciary, U.S. House of Representatives*, 332 F.R.D. 412, 415-16 (D.D.C. 2019) ("That an individual's testimony was subpoenaed by the grand jury is also a 'matter occurring before the grand jury.'"); *accord United States v. Adams*, 755 F. Supp. 3d 519, 528 (S.D.N.Y. 2024) (noting "case law holding or suggesting that [the identities] of such individuals are, in fact, shielded from disclosure under Rule 6(e) because they are *likely* to testify before the grand jury" (emphasis in original)).

In such a circumstance, Mr. Wander is entitled to hear from his government whether they were the source of such disclosures, in violation of Rule 6(e).  We therefore request that you provide a response explaining whether any member of the prosecution team communicated with the press about your investigation, by March 20, 2026.

Respectfully submitted,

Jordan Estes
Michael Martinez
Samuel Raymond

JE

cc:    Nicolas Roos, Esq.
       Andrew Thomas, Esq.

---

[3] https://www.bma.bm/viewPDF/documents/2024-10-08-12-44-33-Notice---Cancellation-of-Registration---777-Re-Ltd.pdf.

[4] https://www.abc.net.au/news/2024-10-01/bonza-airline-investors-probed-by-authorities-money-laundering/104412908.

[5] https://josimarfootball.com/2024/11/18/empire-on-the-run.