# Exhibit J

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

April 28, 2026

**BY EMAIL**

Jordan Estes, Esq.
Michael Martinez, Esq.
Samuel Raymond, Esq.
Gibson Dunn & Crutcher, LLP
200 Park Avenue,
New York, New York 10166

**Re: *United States v. Joshua Wander*, 25 Cr. 473 (JPO)**

Dear Counsel:

The Government writes in response to your April 24, 2026 letter seeking details regarding the Government's procedures for handling privileged material, as well comprehensive information regarding any Government interviews of Fred Love. This letter, and the substance of the information contained herein, is being disclosed as "Sealed Material" pursuant to the Protective Order.

As a threshold matter, you are mistaken that the Government has accessed "dozens of documents containing obviously privileged materials." (April 24 Ltr. at 1). The Government's discovery production to you contains materials that a filter team had screened from the prosecution team as potentially privileged. Those materials, which include the document you identified, USAO_REL_01_00241943, are not now (and have not been) accessible to the prosecution team. Notwithstanding the fact that the Government does not have access to those records—and they are not therefore in the possession, custody, or control of the prosecution team for purposes of Rule 16 obligations—these potentially privileged materials were produced to you as a courtesy so as to assist you in preparing a defense. The Bates numbers for these documents are set forth in the appended Excel file.

Please note that the filter team's screening of files as potentially privileged or as potentially protected by the work-product doctrine does not reflect an assessment that the materials are subject to a valid claim of privilege or work-product protection. No such assessment has yet been made. Additionally, the Government makes no concession with respect to whether any applicable privilege would be vitiated by waiver or the crime-fraud doctrine.

Turning to your privilege assertion and demand for information, it is not evident to us that Mr. Wander is the holder of the privilege and is entitled to any such information. To the extent any of the potentially privileged materials are in fact privileged, the Government understands the privilege to be a corporate privilege held by 777 Partners LLC or its subsidiaries, whom you do

not represent.[1] Mr. Wander has no legal basis to conduct inquiries or request remedies on behalf of another privilege holder. "[T]he [attorney-client] privilege belongs solely to the client." *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987). "It can be asserted only by the client (or one authorized to do so on the client's behalf)." *Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997). In turn, there is no legal basis for disclosure of information regarding matters that do not implicate a privilege held by Mr. Wander.

To the extent Mr. Wander identifies any materials apart from those identified in the attached Excel document as to which Mr. Wander intends to assert a personal privilege or work-product claim, please identify the potentially privileged documents by Bates number as soon as possible and produce a detailed privilege log with sufficient information for the Government to evaluate the claim. At a minimum, such a log should contain the following information: Bates number; individuals that had access to the document or communication; the basis for the claim (*i.e.*, attorney-client privilege or attorney work product); and a description of the claim. The description of the claim entry in the log should provide an individualized description explaining why you are seeking to have a particular document or communication withheld from the Prosecution Team. The Government requests that (i) the privilege log and (ii) the control numbers for any files over which you are asserting a claim be produced to the prosecution team no later than **May 15, 2026.**

As for your request for information about the filter team, the defendant is not legally entitled to such information, and there is no valid purpose for the request in light of the fact that the privilege, if any, is controlled by 777 Partners. Even if Mr. Wander were the privilege-holder, he has not identified what documents are privileged and available to the case team, and he has no legal basis to demand information regarding the Government's filter-team protocol. *United States v. Weigand*, 482 F. Supp. 3d 224, 246 (S.D.N.Y. 2020) ("Under these circumstances, a 'taint protocol' is not 'material to preparing the defense' and so does not fall within the scope of Rule 16(a)(1)(E)."). "Inadvertent disclosure of potentially privileged information to the prosecution team is not alone a basis for relief." *United States v. Milton*, No. 21 Cr. 478 (ER) (Sept. 8, 2022 S.D.N.Y.) (Final Pretrial Conf. Tr. at 8); *see also United States v. Lumiere*, No. 16 Cr. 483 (JSR), 2016 WL 7188149, at *6 (S.D.N.Y. Nov. 29, 2016) (after-the-fact notice of potentially privileged documents did not render an earlier search invalid); *United States v. Dupree*, 781 F. Supp. 2d 115, 163 (E.D.N.Y. 2011) ("the mere fact that the government obtained privileged information does not mean it violated defendants' Sixth Amendment rights").

Finally, in response to your demand for all notes and reports of any interviews with any attorney, including Mr. Love, we note that in its February 4, 2026 letter, the Government produced certain excerpts of notes and/or reports of interviews conducted by the Government of Mr. Love. Further, we can confirm that Mr. Love was interviewed on July 8 and October 18, 2024. Mr. Love was represented by counsel in both interviews. The attendees included employees from the U.S.

---

[1] It appears the filter team inadvertently produced to you materials subject to a potential claim of privilege by 777 Partners. If, as your letter suggests, you are concerned about respect for 777 Partners' privileged materials, we encourage you to return these materials to 777 Partners as soon as is practicable. Should you maintain possession of these materials, the Government will inform representatives of 777 Partners and reserve the right to obtain the materials from you in advance of trial.

Attorney's Office, the Federal Bureau of Investigation, Homeland Security Investigations, and the Securities and Exchange Commission. Your request otherwise appears calculated to gain a preview of the Government's evidence at trial. As is routine, the Government will disclose 3500 material and witness identities sufficiently in advance of trial for the defense to adequately prepare.

Very truly yours,

JAY CLAYTON
United States Attorney

by: /s/ SMort
Marguerite B. Colson
Sarah Mortazavi
Alexandra Rothman
Assistant United States Attorneys
(212) 637- 2587 | -2520 | -2580