# GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

July 24, 2026

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Wander*, S1 25 Cr. 473 (JPO)

Dear Judge Oetken:

        We write briefly in reply to the government's July 17 opposition, Dkt. No. 58, to
Mr. Wander's motion to adjourn trial, Dkt. No. 54. The opposition calls Mr. Wander's motion
"bizarre," Dkt. No. 58 at 4, "disingenuous," *id.* at 5, 7, "baffling," *id.* at 7, and the product of
"gamesmanship," *id.* at 8. The Court can set the adjectives aside. Stripped of its invective, the
opposition confirms the two facts at the heart of this motion: the government did not produce the
segregated, potentially privileged materials at the center of the parties' dispute until July 15,
2026—two days after this motion was filed—and the Superseding Indictment adds two felony
counts that the defense must investigate and be prepared to try. A few points warrant brief reply.

        The government insists that Mr. Wander has had "monthslong access" to the relevant
materials and that his privilege review is a task his counsel could complete "in short order." Dkt.
No. 58 at 5, 7. But underneath its tone, the government's opposition refutes that account. The
government concedes that it did not produce the potentially privileged messages segregated from
Mr. Wander's cell phone, as identified by its own filter team, until July 15, 2026: two days after
Mr. Wander filed this motion, two days before the government filed its opposition, and more than
eight months after the government first produced the Wander Phone. *Id.* at 7 n.6.  Until July
2026, the only way for the defense to identify what the filter team withheld—and thus to assess,
assert, or log any privilege—was to reconstruct the government's filter review from scratch
across more than 327,000 messages.[1] Under these circumstances, the privilege-review clock the
government invokes did not begin running in November 2025 or January 2026; as a practical
matter, it began last week.

        As to the superseding indictment, Mr. Wander does not ask the Court to resolve the
parties' competing characterizations here. The practical point is narrower: the new counts require
the defense to evaluate and potentially brief substantive motions, on top of the privilege review
and ordinary trial preparation. That work takes time, and the government's own lead case
recognizes that district courts retain discretion under the Speedy Trial Act's ends-of-justice

---

[1]  Notably, this process could have been expedited if the government had just produced basic
information about the filter process when Mr. Wander asked. Dkt. No. 40 Ex. I.

# GIBSON DUNN

Page 2

provision to grant a continuance where one is necessary for adequate preparation. *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *accord id.* at 240–41 (Blackmun, J., concurring) (continuance appropriate where a superseding indictment creates "a meaningful possibility" of "an alteration or adjustment in the planned defense").[2]

The opposition's treatment of Count Six also warrants a brief response. The government describes contested allegations in the language of adjudicated fact—Mr. Wander "has already engaged in witness tampering"; he "got caught." Dkt. 58 at 2, 9. It writes that the defense "has insisted on the defendant's presumed innocence" and that the new allegations "reveal[] those claims to be inconsistent with the evidence," such that Mr. Wander needs only time to "tweak his messaging." *Id.* at 4. Count Six is a charge, not a finding of guilt by a petit jury. Mr. Wander has pleaded not guilty, disputes the allegations, and is entitled to defend against that charge at trial. And preparing a defense to two new felony counts is not "messaging"; it is the constitutionally protected work of counsel, for which the Speedy Trial Act directs courts to allow reasonable time. The presumption of innocence is not, as the government's brief supposes, a defense "claim" that an indictment can "reveal" to be false, *id.*; it is the constitutional baseline against which the government must prove its case to a jury. The Court should resolve this scheduling motion on facts, not on unproven allegations recited as though they were verdicts.

---

[2] The government's staffing preferences, *see* Dkt. No. 58 at 9, cannot outweigh the defendant's need for adequately prepared counsel—particularly where the timing pressures at issue flow from the government's own choices: its June 30 superseding indictment, its June 12 demand for a privilege log, and its July 15 production of the segregated materials. As evidenced by the new prosecutor who has recently been added to the government's team, the government is amply resourced to manage its trial calendar.

# GIBSON DUNN

Page 3

For these reasons and those in Mr. Wander's July 13 letter, the Court should adjourn trial to January 2027, or such other date as is convenient for the Court, and reset the pretrial motion schedule and related deadlines accordingly.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jordan Estes*
Jordan Estes
Dani R. James
Michael Martinez
Samuel Raymond
200 Park Avenue
New York, New York 10166
(212) 351-4000
Counsel for Defendant Joshua Wander

cc: All counsel of record (by ECF)